**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

HCR MANORCARE, INC.;
HEARTLAND OF MARTINSBURG WV, LLC;
HCR MANORCARE, LLC; MANOR CARE, INC.;
HCR MANOR CARE SERVICES, LLC; HCR IV
HEALTHCARE, LLC; and HEARTLAND
EMPLOYMENT SERVICES, LLC,

      Plaintiffs,

v.                                              CIVIL ACTION NO.: 3:16-CV-68
                                                              (GROH)

TAMMY CARR,
**on behalf of the Estate of Helen Carr,**

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO ABSTAIN
AND GRANTING PLAINTIFFS' MOTION TO COMPEL ARBITRATION**

Currently pending before the Court is the Defendant Estate's Motion to Dismiss or, in the Alternative, Motion to Abstain [ECF No. 5] and the Plaintiffs' Motion to Compel Arbitration [ECF No. 13]. For the reasons set forth below, the Court **DENIES** the Defendant's Motion to Dismiss or, in the Alternative, Motion to Abstain and **GRANTS** the Plaintiffs' Motion to Compel Arbitration.

### I. Background

Helen Carr ("the decedent") was a nursing home resident at Heartland of Martinsburg WV, LLC ("Heartland")—a subsidiary of HCR ManorCare, Inc. ("ManorCare")—from April 1, 2014 through October 24, 2014. On April 2, 2014, and May

16, 2014, the decedent signed voluntary arbitration agreements with Heartland. The arbitration agreements provide, in pertinent part:

> All claims arising out of or relating to this Agreement, the Admission Agreement or any and all past or future admissions of the Patient at this Center, or any sister Center operated by any subsidiary of HCR ManorCare, Inc. ("Sister Center"), including claims for malpractice, shall be submitted to arbitration.

ECF No. 3-1 at 1, 3. As a result of alleged medical negligence during her residency at Heartland, the decedent suffered physical and emotional injury and subsequently died on November 2, 2014.

On November 18, 2015, the Estate of Helen Carr served a notice of claim and certificate of merit upon ManorCare; HCR ManorCare, LLC; HCRMC Operations, LLC; Manor Care, Inc.; HCR Manor Care Services, LLC; HCR IV Healthcare, LLC; Heartland Employment Services, LLC; Heartland; and Nancy Mason. The notice of claim stated the Estate's intent to file a medical malpractice suit related to the decedent's care and treatment while at Heartland. Following their receipt of the notice of claim, on December 16, 2015, and again on January 19, 2016, the Plaintiffs in the above-styled action sent the Estate letters demanding that arbitration be initiated, pursuant to the April 2, 2014, and May 16, 2014 arbitration agreements. The Estate did not reply to the Plaintiffs' arbitration demand and instead filed a wrongful death action against them in the Circuit Court of Kanawha County, West Virginia, on April 4, 2016. The following month, on May 20, 2016, the Plaintiffs filed a complaint with this Court to compel arbitration against the Estate and stay the state court action.

On July 18, 2016, the Estate filed its motion to dismiss or abstain in this case, raising several arguments. First, the Estate argues that the arbitration agreements signed

by the decedent do not apply to it as a nonsignatory. Next, the Estate contends that the Plaintiffs' complaint should be dismissed because it failed to join Nancy Mason, the licensed nursing home administrator of Heartland during the decedent's residency, who the Estate avers is a necessary and indispensable party. As an alternative to dismissal, the Estate argues that the Court should abstain from exercising jurisdiction pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Finally, the Estate requests that in the event this Court proceeds on the merits of the arbitration issue, a period of discovery is necessary. On July 29, 2016, the Plaintiffs filed their motion to compel arbitration, arguing that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, is applicable to the Estate's claims presented in the state court wrongful death action and requesting that this Court compel the Estate to arbitrate pursuant to the terms of the arbitration agreements.

## II. Standards of Review

### A. Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the sufficiency of a complaint by moving to dismiss it for failing "to state a claim upon which relief can be granted." When reviewing a 12(b)(6) motion, the Court must assume all of the allegations contained within the complaint to be true, resolve all doubts and inferences in favor of the plaintiff and view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). If a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Even though "detailed factual allegations" are not required, a complaint must offer "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). For example, a complaint that provides "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations and citation omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement" does not suffice. Id. (alteration in original) (internal quotations and citation omitted). A plaintiff is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678). In reviewing a Rule 12(b)(6) motion, courts may consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint and the motion to dismiss, "so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### B. Rule 12(b)(7) Motion to Dismiss

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows for dismissal of an action when a necessary and indispensable party has not been joined as required by Rule 19. In considering a 12(b)(7) motion, the court must first determine, pursuant to Rule 19(a), whether the absent party "is necessary to a proceeding because of its relationship to the matter under consideration." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999) (internal quotations omitted) (quoting Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917-18 (4th Cir. 1999)). If the absent party is necessary, then the court will order its joinder. Id. However, if joinder will destroy diversity, then the court must determine, pursuant to Rule 19(b), whether the case can continue in the party's absence. Id. If not, then "the party is indispensable and the action should be dismissed."

4

Teamsters, 173 F.3d at 918. Dismissal for nonjoinder is disfavored, see Meade, 186 F.3d at 441, and the moving party bears the burden of demonstrating that joinder is required, see Am. Gen. Life and Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

### III. Discussion

#### A. Joinder of Nancy Mason

Because it raises questions of jurisdiction, the Court will first consider the Estate's argument regarding the joinder of Nancy Mason. In its motion to dismiss, the Estate argues that dismissal of this action is required because the Plaintiffs failed to join Nancy Mason, a resident of West Virginia who the Estate claims is a necessary and indispensable party. The Estate avers that Nancy Mason is a necessary and indispensable party in light of her status as the licensed nursing home administrator of Heartland during the decedent's residency. However, "in the case of nursing home administrators . . . courts have held that those administrators are not necessary parties under Rule 19 when another alleged joint tortfeasor seeks to enforce arbitration." Canyon Sudar Partners, LLC v. Cole, Civil Action No. 3:10-1001, 2011 WL 1233320, at *3 (S.D. W. Va. Mar. 29, 2011); see also Northport Health Servs. of Ark., LLC v. Rutherford, 605 F.3d 483, 491 (8th Cir. 2010) (collecting cases) ("In the arbitration context, to our knowledge every circuit to consider the issue has concluded that a party joined in a parallel state court contract or tort action who would destroy diversity jurisdiction is not an indispensable party under Rule 19 in a federal action to compel arbitration.") Here, alleged tortfeasors other than Nancy Mason are seeking to enforce arbitration. Accordingly, she is not a necessary party and therefore is not required to be joined as a plaintiff. Thus, complete diversity remains between the parties.

5

### B. The Arbitration Agreements

The principal argument set forth by the Estate is that the arbitration agreements entered into between Heartland and the decedent do not apply to it as a nonsignatory. In response, the Plaintiffs aver that, based upon the derivative nature of wrongful death actions, the Estate, as a wrongful death beneficiary, is bound by the arbitration agreements.

It is well settled that "the interpretation of an arbitration agreement is generally a matter of state law." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 681 (2010) (citation omitted). Therefore, a federal court sitting in diversity interprets the language and meaning of an arbitration agreement according to state law. See Adkins v. Labor Ready, Inc., 303 F.3d 496, 501 (4th Cir. 2002). Specifically, "[w]hether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation." Id. (citing First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). In addition, federal courts must pay heed to the law set forth in the FAA. See 9 U.S.C. §§ 1-16. The FAA applies to "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof." 9 U.S.C. § 2. The FAA favors arbitration of disputes. Adkins, 303 F.3d at 500. This policy of favoring arbitration reflects "Congress's view that arbitration constitutes a more efficient dispute resolution process than litigation." Id. (citing Hightower v. GMRI, Inc., 272 F.3d 239, 241 (4th Cir. 2001)). In fact, the inclination toward arbitration is so strong that "when the scope of an arbitration clause remains 'open to question' regarding the inclusion of a particular issue, a court *must* declare that the issue is subject to arbitration." Great Am.

Ins. Co. v. Hinkle Contracting Corp., 497 F. App'x 348, 352 (4th Cir. 2012) (emphasis added) (citing Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989)).

### 1. Enforceability of the Arbitration Agreements Against the Estate

Before this Court addresses whether or not the Plaintiffs are able to compel arbitration under the FAA, it must determine whether the Estate, as a nonsignatory, is bound by the arbitration agreements. The Estate's state court cause of action alleges corporate and individual negligence, medical malpractice, fraud and violations of the West Virginia Consumer Credit and Protection Act against the Plaintiffs and other individual defendants. The Estate contends that these alleged violations caused the decedent to sustain physical and emotional injury and, ultimately, death. West Virginia's wrongful death statute provides, in pertinent part:

> Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

W. Va. Code § 55-7-5. As evident from the statute, wrongful death actions in West Virginia are derivative in nature. See Syl. Pt. 4, Davis v. Foley, 457 S.E.2d 532 (W. Va. 1995) ("The damages in a wrongful death action arise out of the death of the decedent thereby making a wrongful death action a derivative claim."). Section 55-7-5 "preserve[s] a deceased person's right of action after the person's death, by permitting the claim to be brought by the deceased person's personal representative," Brooks v. Weirton, 503 S.E.2d 814, 821 n.7 (W. Va. 1998), and thus a wrongful death cause of action may be

maintained only if "the deceased person himself could have maintained an action for damages had he survived," Panagopoulous v. Martin, 295 F. Supp. 220, 223 (S.D. W. Va. 1969) (first citing Hoover's Adm'x v. Chesapeake & Ohio Ry. Co., 33 S.E. 224 (W. Va. 1899); then citing Wright v. Davis, 53 S.E.2d 335 (W. Va. 1949)). It therefore follows that an administrator cannot bring a wrongful death suit "where the deceased was guilty of contributory negligence, or received satisfaction or executed a release during his lifetime" because the statute gives rise to a cause of action "only where the deceased [himself] might have maintained an action." Hoover's Adm'x, 33 S.E. at 225.

According to West Virginia law, the Estate's state court wrongful death action exists only insofar as the decedent herself could have maintained an action for negligence, or other wrongful acts, against the Plaintiffs. The state court action, and any potential recovery resulting therefrom, is derivative based upon the decedent's own ability to recover. Thus, here, had the decedent survived, she would have been "limited in form to arbitration." See Wilkerson ex rel. Estate of Wilkerson v. Nelson, 395 F. Supp. 2d 281, 289 (M.D.N.C. 2005). Accordingly, the Estate is likewise limited, and bound, by the arbitration agreements.

### 2. Compelling Arbitration Under the Federal Arbitration Act

Upon finding that the Estate is subject to the arbitration agreements, the Court must next consider whether the Plaintiffs are able to compel arbitration under the FAA. A litigant may compel arbitration under the FAA

> if he can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [the other party] to arbitrate the dispute.

Adkins, 303 F.3d at 500-01 (internal quotations omitted) (quoting Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991)). Here, the Plaintiffs have demonstrated all four necessary elements. First, there is a dispute between the parties. On November 18, 2015, the Estate notified the Plaintiffs of its intent to file suit by serving its notice of claim and certificate of merit. In response, the Plaintiffs sent the Estate multiple letters demanding that arbitration be initiated pursuant to the arbitration agreements. The Estate did not reply to the letters and, instead, filed a wrongful death suit in the Circuit Court of Kanawha County, West Virginia. Second, there are two written arbitration agreements—applicable to the Estate—which purport to cover the wrongful death claims. Both agreements define "disputes" as

> [a]ll claims arising out of or relating to this Agreement, the Admission Agreement or any and all past or future admissions of the Patient at this Center, or any sister Center operated by any subsidiary of HCR ManorCare, Inc. ("Sister Center"), including claims for malpractice.

ECF No. 3-1 at 1, 3. The state court complaint alleges that instances of negligence, medical malpractice and fraud occurred during the decedent's residency at Heartland, a subsidiary of HCR ManorCare, Inc. It is thus clear that these claims are considered "disputes" under the arbitration agreements. Third, the agreements are related to interstate commerce because they stipulate by their own terms that "the Admission Agreement and the Patient's stays at the Center substantially involve interstate commerce." ECF No. 3-1 at 1, 3; see GGNSC Morgantown, LLC v. Phillips, Civil Action No. 1:14CV118, 2014 WL 5449674, at *2 (N.D. W. Va. Oct. 24, 2014) (finding the third element satisfied where "the ADR Agreement by its terms" stated that it "evidence[d] a transaction in interstate commerce governed by the [FAA]"). Finally, it is evident that the Estate refuses to arbitrate. On April 4, 2016, it filed its wrongful death suit in state court

9

and, more recently, on August 3, 2016, it filed its response in opposition to the Plaintiff's motion to compel arbitration with this Court. Therefore, because the arbitration agreements apply to the Estate's state court wrongful death action, and because the Plaintiffs have demonstrated the four elements under Adkins, the Estate's claims must proceed to arbitration.

### C. Colorado River Abstention

As an alternative to 12(b)(6) dismissal, the Estate argues that the Court should exercise abstention pursuant to the Colorado River doctrine, which permits federal courts to refrain from hearing claims "in favor of ongoing, parallel state proceedings in cases where 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favor abstention." Ackerman v. ExxonMobil Corp., 734 F.3d 237, 248 (4th Cir. 2013) (quoting Colorado River, 424 U.S. at 817). The Court weighs six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983), in determining whether Colorado River abstention is proper:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463-64 (4th Cir. 2005) (citations omitted). Courts should apply the Colorado River doctrine only in exceptional circumstances. See id. at 463.

Before considering the six Colorado River factors, courts must first determine whether there are actively pending and parallel federal and state cases. Id. ("The

threshold question . . . is whether there are parallel federal and state suits.") State and federal actions are considered parallel when "substantially the same parties litigate substantially the same issues in different forums," id. at 464 (internal quotations and citation omitted), and "there is a substantial likelihood that the [state litigation] will dispose of all claims presented in the federal case," AAR Int'l, Inc. v. Nimelias Enters. S.A., 250 F.3d 510, 518 (7th Cir. 2001) (internal quotations and citation omitted). If the court determines that the federal and state cases are not parallel, then the Colorado River doctrine is inapplicable. Interstate Material Corp. v. Chicago, 847 F.2d 1285, 1287 (7th Cir. 1988); see also Am. Family Life Assurance Co. of Columbus v. Biles, 714 F.3d 887, 892 (5th Cir. 2013); Al-Abood v. El-Shamari, 217 F.3d 225, 232 (4th Cir. 2000); Crawley v. Hamilton Cty. Comm'rs, 744 F.2d 28, 31 (6th Cir. 1984); Shields v. Murdoch, 891 F. Supp. 2d 567, 578 (S.D.N.Y. 2012); Hayes v. City of Columbus, No. 2:10 CV 0513, 2011 WL 2174973, at *4 (S.D. Ohio June 3, 2011).

Here, the state and federal cases are not parallel. Although the underlying facts overlap, factual commonality alone does not lead to a finding that two proceedings are parallel. See New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 946 F.2d 1072, 1074 (4th Cir. 1991) ("[S]ome factual overlap does not dictate that proceedings are parallel."). A review of the state and federal complaints shows two completely distinct causes of action. The state complaint raises claims of corporate and individual negligence, nursing home violations, medical malpractice, fraud and violations of the West Virginia Consumer Credit and Protection Act. In contrast, the complaint before this Court requests only that the Estate be ordered to arbitrate its claims consistent with the agreements between the parties and the FAA. Unlike the state proceeding, the instant

11

case does not involve wrongful death claims but rather raises only one question: whether the Estate may be compelled to arbitrate. See Am. Family, 714 F.3d at 892. Therefore, because the Court does not find the state and federal cases parallel, the Colorado River doctrine is inapplicable.

### D.  Discovery

Finally, the Estate argues that if the Court declines to grant its motion to dismiss, the parties should be granted leave to conduct discovery on the issue of arbitrability pursuant to Brown v. Genesis Healthcare Corp. (*Brown II*), 729 S.E.2d 217 (W. Va. 2012). In Brown II, the Supreme Court of West Virginia held that where contract unconscionability is at issue, discovery is warranted. See id. at 225-26. Here, the Estate does not allege that the arbitration agreements are unconscionable. Rather, it argues only that the agreements do not apply to it as a nonsignatory. Accordingly, the holding in Brown II is inapplicable to this case. Moreover, granting discovery would hinder "arbitration's goal of resolving disputes in a timely and cost efficient manner." Hay Grp., Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 409 (3d Cir. 2004) (internal quotations and citation omitted). Therefore, the Estate's request for discovery is **DENIED**.

## IV.  Conclusion

Accordingly, the Court **ORDERS** that the Defendant Estate's Motion to Dismiss or, in the Alternative, Motion to Abstain [ECF No. 5] is **DENIED**. The Court **ORDERS** that the Plaintiffs' Motion to Compel Arbitration [ECF No. 13] is **GRANTED**. The parties are **DIRECTED** to proceed to arbitration consistent with the terms of the April 2, 2014, and May 16, 2014 arbitration agreements.

Insofar as the Plaintiffs request a stay of the state court proceeding, the request is **DENIED**.[1]

There being no other issues to address, the Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the Plaintiffs, remove this case from the Court's active docket and transmit copies of this Order to all counsel of record herein.

**DATED:** January 20, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Plaintiffs' motion to compel arbitration does not move the Court to stay the state court proceedings. However, the complaint does request such relief. The Court is aware of no authority suggesting that it may, in violation of the Anti-Injunction Act, 28 U.S.C. § 2283, "grant a stay of state court proceedings in conjunction with a motion to compel arbitration." See Canyon Sudar, 2011 WL 1233320, at *11. There is, however, no prohibition on a court's issuance of an order compelling arbitration, which indirectly restricts the prosecution of claims in related state court proceedings. See, e.g., Nat'l Home Ins. Co. v. Bridges, 142 F. Supp. 3d 425, 433-35 (D.S.C. 2015); Canyon Sudar, 2011 WL 1233320, at *11-12; Galloway and Assocs., PLLC v. Fredeking & Fredeking Law Offices, LC, Civil Action No. 3:10-0830, 2010 WL 3955790, at *8-9 (S.D. W. Va. Oct. 8, 2010). Therefore, considering the "serious concerns of federalism and comity" arising from a federal court's stay of state court proceedings, United Serv. Prot. Corp. v. Lowe, 354 F. Supp. 2d 651, 659 (S.D. W. Va. 2005), although the Court finds that the Estate is bound by the arbitration agreement, it declines to enjoin the related state court proceeding. See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970) ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.").